UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JANET M. DIERCKS, individually
and d/b/a/ J & C BUTTE KENNELS,

      Plaintiff,

v.

                                                                                                                                     Case No. 02-C-0988

STATE OF WISCONSIN DEPARTMENT
OF ADMINISTRATION, GEORGE
LIGHTBOURN, *et al.*,

      Defendants.

## DECISION AND ORDER

On September 1, 2002, the Board of Stewards of the Wisconsin Department of Administration--Division of Gaming ("WDADG") issued administrative orders and rulings against Janet M. Diercks ("Diercks") suspending her license to participate in pari-mutuel racing and imposing monetary forfeitures. On September 13, 2002, Diercks filed a request with the WDADG for a hearing and appeal of the Board of Stewards' rulings. In her request, Diercks claimed that the Stewards' rulings were invalid because they relied on evidence obtained through an unreasonable search and surveillance of her business.

On October 4, 2002, Diercks filed a complaint for damages and injunctive relief against the Defendants in federal court. On April 16, 2003, upon motion of the Defendants, this Court dismissed Diercks' complaint to the extent it sought injunctive relief and stayed

the complaint to the extent it sought damages, pending resolution of the WDADG proceedings. On December 30, 2004, those proceedings reached a final resolution.

Now before the Court are Diercks' (1) motion to substitute attorney John Foreman, (2) motion to lift stay, and (3) amended motion for leave to file an amended complaint.

In its April 16, 2003 decision, this Court held that a stay was warranted under the doctrine of *Younger* abstention because: (1) the WDADG proceedings were ongoing; (2) those proceedings implicated important Wisconsin state interests; and (3) those proceedings provided Diercks with an adequate opportunity to raise constitutional challenges. *See Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Diercks, in her Motion to Lift Stay and for Leave to File Amended Complaint, states that, as of December 30, 2004, the WDADG proceedings had reached a final resolution and ceased to be ongoing. Therefore, *Younger* abstention no longer applies, and this Court must fulfill its duty to adjudicate the controversy before it. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). Accordingly, Diercks' motion to lift the stay is granted.

On May 27, 2005, Diercks submitted an amended motion for leave to file an amended complaint. The Defendants have challenged the formal validity of her motion under Civil Local Rule 15.1, which states:

> A motion to amend a pleading must specifically state in the motion what changes are sought by the proposed amendments. Any party submitting a motion to amend must attach to the motion the original of the proposed amended pleading. Any amendment to a pleading, whether filed as a matter

2

of course or upon motion to amend, must reproduce the entire pleading, as amended, and may not incorporate any prior pleading by reference.

United States District Court for the Eastern District of Wisconsin, Civ. L.R. 15.1. As the Defendants have correctly pointed out, Diercks has run afoul of these local requirements. Her Amended Motion for Leave to File Amended Complaint does not "specifically state what changes are sought" in her amended complaint. This omission is particularly vexing insofar as the same information was lacking in one of Diercks' prior motions to amend her complaint and that defect had been pointed out previously by her adversary. Undeterred by the requirements of the local rules or previous notification that she was in violation of them, Diercks has inexplicably repeated the same error.

Even if this Court showed leniency in its application of the local rules, Diercks' proposed amendments are substantively doomed. Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, a party should not be permitted to amend for various reasons including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Relevant to the present circumstances, a proposed amendment should be deemed futile if "the complaint as amended, would fail to state a claim upon which relief could be granted." *Gen'l Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114

3

F.3d 1410, 1434 (3d Cir. 1997)). When assessing whether a proposed amendment might be futile, courts apply the standard of legal sufficiency found in Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Id*.

Diercks seeks to add a claim pursuant to 42 U.S.C. § 1985. The Court agrees with the Defendants that Diercks' amended complaint can be read as invoking only subsection (3) of § 1985. To prove a violation of § 1985(3), Diercks must show that "(1) two or more defendants conspired; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws; (3) one or more of the conspirators acted in furtherance of the conspiracy; and (4) such act injured a person or his property or deprived him of exercising any right or privilege of a citizen of the United States." *Munson v. Friske*, 754 F.2d 683, 694 (7th Cir. 1985). Additionally, a § 1985(3) plaintiff must allege racially motivated discriminatory animus. *See Bowman v. City of Franklin*, 980 F.2d 1104, 1109 (7th Cir. 1992); *Grimes v. Smith*, 776 F.2d 1359, 1366 (7th Cir. 1985); *Munson*, 754 F.2d at 694. Diercks has failed to allege the requisite discriminatory animus in her complaint. Accordingly, allowing her to amend her complaint would be futile because such amendment would fail to state a claim upon which relief could be granted.

Diercks' amended complaint states that her claims arise from and involve 42 U.S.C. § 1986. A claim under § 1986 depends upon a finding of liability under § 1985. *See McCalden v. California Library Ass'n*, 955 F.2d 1214 (9th Cir. 1990). Because Diercks has

4

failed to state a claim under § 1985, she has likewise failed to state a cognizable claim under § 1986.

Finally, the Court grants Diercks' Motion for Leave to File Substitute Appearance.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Diercks' Motion for Leave to File Substitute Appearance (Docket No. 29) is **GRANTED**.

Diercks' Motion to Lift Stay (Docket No. 32) is **GRANTED**.

Diercks' Amended Motion for Leave to File Amended Complaint (Docket No. 34) is **DENIED**.

Dated at Milwaukee, Wisconsin this 6th day of July, 2005.

**BY THE COURT**

**s/ Rudolph T. Randa**
**Hon. Rudolph T. Randa**
**Chief Judge**